*Jefferson Capital Sys., LLC v. Smith*, 213-8-17 Wnsc (Teachout, J., Mar. 13, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                          **Docket No. 213-8-17 Wnsc**

**JEFFERSON CAPITAL SYSTEMS, LLC**
    **Plaintiff**


    **v.**


**BRYAN SMITH**
    **Defendant**

### DECISION
### Jefferson Capital's Motion for Default Judgment

This is a routine credit card collection case in small claims. Defendant Bryan Smith neither answered the complaint nor otherwise defended. Plaintiff Jefferson Capital Systems, LLC, now seeks a default judgment. The motion is denied at this time for failure to substantially comply with the default and pleading requirements for credit card collection actions in small claims, V.R.S.C.P. 3(e)(2)–(3), 3(h).

Rule 3(h) provides:

Any complaint based on a credit card debt shall contain additional information necessary to provide the court with sufficient information regarding standing and the statute of limitations. At a minimum, the complaint must include the following, unless otherwise ordered by the court:

(1) The name of the original creditor, as well as the name of the current owner of the debt, if different.
(2) The last four digits of the original account number or other identifying information uniquely associated with the account.
(3) The date of last payment by the accountholder and the amount due at that time.
(4) The date the plaintiff claims the defendant defaulted and the basis for that default.
(5) The total amount currently due on the debt, with any amount of interest claimed post-default separately identified.
(6) The date and parties to the contract or other source of the original debt.
(7) If the debt was assigned, the date and parties to the assignment. If the debt has been assigned more than once, then the date and parties to each assignment must be identified to establish an unbroken chain of ownership. The complaint must allege that each assignment or other writing evidencing transfer of ownership (A) contains at least the last four digits of the original account number of the debt purchased or other identifying information uniquely associated with the account

and (B) shows the debtor's name associated with that account number.

Rule 3(e)(2)–(3) further provide:

> (2) In cases based on a credit card debt, the motion for default must include a copy of
>> (A) the contract or other documentary evidence of the original debt, which must contain a signature of the defendant, or, if no such signed writing evidencing the original debt ever existed, then a copy of the last statement generated when the credit card was actually used for purchase or other competent evidence of the existence of the debt; and
>> (B) the assignment or other writing establishing that the plaintiff is the owner of the debt.
>
> (3) If a credit card debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain at least the last four digits of the original account number of the debt purchased or other identifying information uniquely associated with the account and must show the debtor's name associated with that account number.

In this case, the court is unable to conclude that documentation in the record shows an unbroken chain of ownership of the account at issue.

Plaintiff alleges in the complaint that Webbank originated the account and assigned it to Jefferson Capital on June 26, 2017. The credit card statements in the record identify the accountholder as Bryan Smith and the account ending in 3695. The account is called Fingerhut Advantage and payments on the account were directed to Fingerhut. The second page of each statement in the record says, under Notice of Assignment, "The right to receive payment on your Fingerhut Advantage Credit Account has been assigned by Webbank to Fingerhut." Though this is unexplained by Plaintiff it is at least consistent with the allegation that Webbank was the originator and first assignor.

There is a bill of sale documenting the assignment of accounts as described in a "Schedule 1" from Webbank to Bluestem Brands—not Jefferson Capital—on June 24, 2016. In violation of Rule 3(e)(3), there is no Schedule 1 attached or any other evidence demonstrating that Defendant's account ending in 3695 appeared on Schedule 1 and was therefore assigned to Bluestem Brands.

Next, there is an assignment of accounts from Bluestem Brands to Jefferson Capital "delivered by Seller to Buyer on June 15, 2016 with a Closing Date of June 29, 2016." In violation of Rule 3(e)(3), this assignment also refers to a non-existent Schedule 1 and is not accompanied by any evidence demonstrating that Defendant's account ending in 3695 appeared in that Schedule 1 and was therefore assigned to Jefferson.

2

Nothing in the record explains how Bluestem Brands could have delivered the assigned accounts to Jefferson on June 15 when they presumably were not assigned to Bluestem until June 24. Neither assignment is consistent with Jefferson's description of the assignment to it in the complaint or affidavit of its records custodian which is attached to the complaint.

No electronic information that may have accompanied these assignments, and documented that Defendant's account was among those assigned eventually to Jefferson has been provided. That documentation presumably also would have provided reliable evidence of the date of last payment and the amount due at that time, the date and basis of default, the total amount currently due on the debt, with any amount of interest claimed post-default separately identified, and the date and parties of the original contract. As to those facts, the record includes Jefferson's bare allegations only.

Rules 3(e)(2)–(3), 3(h) establish pleading and evidentiary requirements that are "helpful, or even necessary, to assist the court in determining issues concerning the statute of limitation and other elements of the plaintiff's prima facie case that are often part of a motion for default judgment," such as ownership of the debt. V.R.S.C.P. 3, Reporter's Notes—2013 Amendment. The record of this case does not comply with the spirit of the rules.

## ORDER

For the foregoing reasons, Jefferson Capital's motion for default is denied. It has 30 days to file a new motion for default complying with the rules or this case will be dismissed.

Dated at Montpelier, Vermont this _____ day of January 2018.

_____
Mary Miles Teachout,
Superior Judge